UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER CAVANAUGH,

              Plaintiff,

v.

ANDREW SAUL, COMMISSIONER
OF SOCIAL SECURITY,

              Defendant.

_____/

Case No. 20-cv-10034

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

**OPINION AND ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 17); (2) ADOPTING MAGISTRATE JUDGE R. STEVEN WHALEN'S MARCH 5, 2021 REPORT AND RECOMMENDATION (ECF NO. 16); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11); (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 13); AND (5) AFFIRMING THE DECISION OF THE COMMISSIONER**

On March 5, 2021, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("Report") to deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the final decision of the Commissioner to deny Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 16, Report.) On March 19, 2021, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 17, Pl.'s Obj.) Defendant filed a Response to Plaintiff's Objections on March 24, 2021. (ECF No. 18, Def.'s Resp.)

Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections (ECF No. 17), ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 16), GRANTS Defendant's Motion for Summary Judgment (ECF No. 13), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 11), and AFFIRMS the findings of the Commissioner.

## I.    BACKGROUND

The findings of the Administrative Law Judge ("ALJ") and the pertinent portions of the Administrative Record are accurately and adequately cited to in the Report and Recommendation and the Court incorporates those factual recitations here. (Report, PgID 1164-72 (citing ECF No. 9, Transcript of Social Security Proceedings *passim* (hereinafter "Tr. ___").) The record evidence will be discussed in this Opinion and Order only as necessary to the Court's resolution of Plaintiff's Objections. The following summary contains an overview of Plaintiff's disability claim.

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on August 9, 2017, alleging disability as of September 1, 2011. (Tr. 175, 177.) On October 11, 2018, Plaintiff appeared for and testified at a hearing before Administrative Law Judge ("ALJ") Andrew G. Sloss. (Tr. 28-48.)

2

Plaintiff was represented by attorney Clifford Walkon at the hearing. (*Id*.) On December 31, 2018, the ALJ issued an unfavorable decision on Plaintiff's claims. (Tr. 10-22.)

The ALJ found that Plaintiff had the following severe impairments: osteoarthritis, major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder ("PTSD"), but that the conditions of diabetes, obesity, hypertension, asthma, and psoriatic arthritis were non-severe because they had been successfully "treated, controlled, [or] stabilized or otherwise do no more than minimally affect [Plaintiff's] ability to perform basic work activities." (Tr. 12-13.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 13-15.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform a reduced range of light work with the following additional limitations:

> [T]he claimant can occasionally climb ramps or stairs and can frequently balance. The claimant is limited to frequent handling and fingering bilaterally. The claimant must avoid concentrated exposure to extreme cold, and even moderate exposure to vibration. The claimant must also avoid concentrated exposure to respiratory irritants and to hazards. The claimant can perform simple, routine tasks.

(Tr. 15.) At Step Four, the ALJ found that Plaintiff was capable of performing her past relevant work as a cashier as the job was generally performed in the national

3

economy, and that she therefore has not been under a disability from September 1, 2011 through the date of the decision.  (Tr. 21.)

Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on November 19, 2019.  (Tr. 1-3.)

On January 7, 2020, Plaintiff commenced this action. (ECF No. 1.) The parties filed cross motions for summary judgment. (ECF No. 11, Pl's Mot.; ECF No. 13, Def.'s Mot.) Plaintiff also filed a reply brief. (ECF No. 14, Pl.'s Reply.) Plaintiff argued that the ALJ erred at Step Two of the sequential analysis by declining to include the conditions of psoriatic arthritis, diabetes, and obesity among the severe limitations, the ALJ improperly discounted the opinions of her treating psychiatrist and therapist, and the vocational expert's testimony is at odds with the limitations in the hypothetical and the RFC found in the administrative opinion. (Pl.'s Mot.)

In the March 5, 2021 Report and Recommendation on the cross motions, the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision. (Report.) The Magistrate Judge found that the ALJ's decision was supported by substantial evidence. (*Id.*)

On March 19, 2021, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. (Pl.'s Obj.) Defendant filed its response to the objection on March 24, 2021. (Def.'s Resp.)

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed a "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705,

2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow

its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative

record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

## III.   ANALYSIS

Plaintiff asserts three objections to the Report and Recommendation: (1) the Magistrate Judge erred in finding that the ALJ properly considered all of Plaintiff's severe impairments in determining her RFC; (2) the Magistrate Judge erred in finding that the opinions of Plaintiff's psychiatrist were "vague;" and (3) the Magistrate Judge erred in finding that Plaintiff could return to her past relevant work. (Pl.'s Obj. PgID 1190-96.)

### A. Objection No. 1: The Magistrate Judge Erred in Finding That the ALJ Properly Considered All of Plaintiff's Severe Impairments in Determining her Residual Functional Capacity

Plaintiff argues that the Magistrate Judge erred in finding that the ALJ adequately accounted for all of Plaintiff's severe impairments at Step 2 of the sequential evaluation. (Pl.'s Obj. PgID 1190-91.) Plaintiff asserts that "the ALJ

failed to consider Plaintiff's psoriatic arthritis, nor did the ALJ explain why this condition did not interfere with the Plaintiff's residual functional capacity." (*Id*. PgID 1191.)

This is simply a reassertion of an argument Plaintiff made in her motion for summary judgment and in her reply brief. (See Pl.'s Mot., PgID 1101-04; Pl.'s Reply, PgID 1153-54.) District courts in this Circuit have held that a court is not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation. *See Sanders v. Saul*, No. 19-12475, 2020 WL 5761025, at *2 (E.D. Mich. Sept. 25, 2020) (citing *Markgraff v. Comm'r of Soc. Sec.*, No. 17-10511, 2018 WL 654838, at *2 (E.D. Mich. Jan. 31, 2018) ("Plaintiff's Objection includes arguments drawn almost in their entirety from his motion for summary judgment. They merely rehash the same arguments presented to the Magistrate Judge. The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.")). To the extent Plaintiff attempts to raise a new argument that the ALJ failed to consider her medication side effects in the RFC determination, that issue was not raised in Plaintiff's briefing before the Magistrate Judge, and a party cannot raise a new argument in an objection. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act … permits *de novo* review by the district court

9

if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]."). Thus, Plaintiff has waived this argument regarding medication side effects. *See id.* ("Petitioner's failure to raise this claim before the magistrate [judge] constitutes waiver.").

The Magistrate Judge considered Plaintiff's arguments and properly noted that:

> Plaintiff takes issue with the ALJ's Step Two finding that the conditions of diabetes, obesity, and psoriatic arthritis did not create significant work-related limitation (Tr. 12).
>
>            ***
>
> [T]he ALJ's finding that the condition of psoriatic arthritis was non-severe does not warrant a remand. The ALJ acknowledged Plaintiff's testimony that psoriatic arthritis caused significant extremity pain (Tr. 16, 34). The ALJ noted however, that Plaintiff's history of treatment for the condition was routine and that as of May, 2018, Dr. Hukill observed an unremarkable gait, station, and posture (Tr. 19). June, 2013 records note that Plaintiff experienced skin problems related to the condition on a sporadic basis (Tr. 260).
>
> More generally, the ALJ noted that Plaintiff's claims of disabling work-related limitations were undermined by her November, 2012 statement that she was not interested in working and wanted to stay home with her children (Tr. 17, 338). Counseling records from 2013 state that Plaintiff reported that she was "very busy" taking care of her children and taking college courses (Tr. 281). Because the ALJ provided a well supported discussion of both the severe impairments and those he deemed non-severe, a remand on this basis is not warranted.

(Report, PgID 1174, 1177.) Further, the ALJ properly considered the non-severe impairments throughout the rest of the sequential evaluation process, including the RFC determination. (Tr. 16-19.) *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) ("Since the [Commissioner] properly could consider claimant's [impairment] in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the [Commissioner's] failure to find that claimant's [impairment] constituted a severe impairment could not constitute reversible error.").

Plaintiff has failed to demonstrate any specific error in the Magistrate Judge's analysis. Accordingly, Plaintiff's Objection No. 1 is DENIED.

### B. Objection No. 2: The Magistrate Judge Erred in Finding That the Opinions of Plaintiff's Psychiatrist Were Vague

Plaintiff's second Objection is that the Magistrate Judge improperly discounted the opinions of Plaintiff's treating psychiatrist, Dr. Nikhil Vora, and incorrectly suggested that Dr. Vora's opinions were overly vague because he did not express his opinions in terms of "moderate" or "marked" limitations. (Pl.'s Obj. PgID 1191-92.) Plaintiff notes that Dr. Vora reported that Plaintiff's psychological symptoms would interfere with the attention and concentration needed to perform even simple work tasks at least 20% of an eight-hour workday, that Plaintiff would need unscheduled breaks to deal with normal work stress at least 20% of an eight-hour workday, and that Plaintiff is unable to handle minimal changes in a routine

11

work setting. (Pl.'s Obj. PgID 1191, citing Tr. 795.) Plaintiff argues that Dr. Vora's percentage estimates are "far more specific and 'concrete' than the terms 'moderate' or 'marked'" and that the Magistrate Judge erred in finding that Dr. Vora's opinions were not specific enough. (*Id.*)

The Magistrate Judge properly noted that, in assessing opinions of treating physicians for claims filed after March 27, 2017, as in this case, the ALJ will weigh both treating and non-treating physician medical evaluations based on how well they are supported by the remainder of the record. (Report, PgID 1178, citing 20 C.F.R. §§ 404.1520c; 416.920c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from your medical sources.").) The factors to be considered in evaluating medical opinions include supportability and consistency with the record as a whole; relationship with the claimant; length of the treatment relationship; frequency of examinations; purpose and extent of the treating relationship; whether the source has examined the claimant; specialization; and any other factors that support or undermine the medical opinion. 20 C.F.R. §§ 404.1520c(c), 416.920c. ALJs must articulate the "most important factors of supportability and consistency" of the medical opinions but "are not required to[] explain" the consideration given to the remaining factors. 20 C.F.R. §§ 404.1520c(b); 416.920c(b).

The Magistrate Judge then found, in evaluating Dr. Vora's opinions:

> [T]he ALJ did not err in finding psychiatrist Vora's opinions "not persuasive" because they were not supported by the opinion as a whole and were "vague" (Tr. 21). The physical treating records repeatedly showing a normal psychological status stand grossly at odds with Dr. Vora's disability opinions. Dr. Vora stated that due to depression, anxiety, and PTSD, Plaintiff experienced lack of motivation, mood swings, irritability, poor concentration, and difficulty interacting socially (Tr. 1053). While Plaintiff notes that Dr. Vora opined that Plaintiff would experience psychologically based interruption at least 20 percent of the workday (Tr. 795), the ALJ noted that Dr. Vora did not otherwise quantify Plaintiff's symptomology, e.g. find that she experienced moderate limitations in social functioning or marked limitations in concentration, etc. The ALJ did not err in discounting Dr. Vora's opinion based on his failure to describe Plaintiff's alleged limitations in more concrete terms. *Torres v. Comm'r of Soc Sec*, 490 Fed Appx 748, 753, 2012 WL 3089334 (6th Cir. July 31, 2012) (ALJ permissibly discounted treating opinion on basis it "expressed very little about Torres's actual functional capacity"). Accordingly, the ALJ's finding that therapist Minger's and Dr. Vora's opinions were "not persuasive" should be upheld

(Report, PgID 1180.)

The Magistrate Judge thus properly discussed the "most important factors of supportability and consistency" of Dr. Vora's opinions with the record as a whole, including his prior treatment notes, in finding that the ALJ did not err in discounting that opinion evidence. Plaintiff does not challenge this finding, and "[w]here the opinion of a treating physician is not supported by objective evidence or is inconsistent with the other medical evidence in the record, [the] Court generally will uphold an ALJ's decision to discount that opinion." *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 175-76 (6th Cir. 2009).

Plaintiff instead argues that the Magistrate Judge erred when he "suggested that Dr. Vora's opinions were overly vague, as he did not express his opinions in terms of 'moderate' or 'marked' limitations." (Pl.'s Obj. PgID 1191-92.) The ALJ found that the limitations offered by Dr. Vora were "vague" because "statements like 'her symptoms prevent effective functioning' do not specifically address or identify which *functional limitations* are present," (Tr. 21 (emphasis added)), not because of his opinion that Plaintiff would experience psychologically based interruptions at least 20% of the workday. The Magistrate Judge properly found that "[t]he ALJ did not err in discounting Dr. Vora's opinion based on his failure to describe Plaintiff's alleged limitations in more concrete terms." Where a treating doctor's opinions do not address the claimant's "actual functional capacity" or explain "what functions the claimant would or would not be able to perform," those opinions are properly discounted. *See Torres v. Comm'r of Soc Sec*, 490 F. App'x 748, 753 (6th Cir. 2012) (ALJ permissibly discounted treating opinion because it "expressed very little about Torres's actual functional capacity").

Accordingly, Plaintiff has failed to demonstrate any specific error in the Magistrate Judge's analysis and Plaintiff's second Objection DENIED.

## C. Objection #3: The Magistrate Judge Erred in Finding That Plaintiff Could Return to Her Past Relevant Work

Plaintiff's third Objection is that the Magistrate Judge erred in finding that Plaintiff could return to her past relevant work. (Pl.'s Obj. PgID 1192-96.) Plaintiff

14

asserts that the ALJ limited Plaintiff to performing simple, routine tasks, but then relied upon vocational testimony that Plaintiff could return to her past work as a cashier, which is defined by the Dictionary of Occupational Titles ("DOT") as performed at reasoning level 3. (*Id.* PgID 1192, citing Tr. 15, 21.) Plaintiff argues that a limitation to "simple" work is inconsistent with reasoning level 3, and that the Magistrate Judge incorrectly maintained that the ALJ was not obligated to resolve conflict between the provisions of the DOT and the testimony of the vocational witness. (*Id.* PgID 1195.)

Plaintiff's argument is primarily a rehashing of the argument she made in her motion for summary judgment (Pl.'s Mot. PgID 1111-15), and therefore is waived. *See Sanders*, 2020 WL 5761025, at *2.

In any event, a review of the Report shows that the Magistrate Judge thoroughly considered and addressed all of Plaintiff's arguments. The Sixth Circuit has expressly left open "the possibility that jobs requiring reasoning level two or three might conflict with a claimant's simple-task limitation," but noted that "an ALJ satisfies her duty to inquire [about any conflicts] if she asks the VE whether the VE's testimony is consistent with the DOT and receives an affirmative response." *Joyce v. Comm'r of Soc. Sec.*, 662 F. App'x 430, 435-36 (6th Cir. 2016). The Magistrate Judge recognized the "conflicting case law" regarding apparent conflicts between the SSA's Vocational Expert Handbook and the DOT and concluded that the ALJ in

this case "was not obliged to develop the record further." (Report, PgID 1183-84.) The Magistrate Judge correctly noted in his Report that "the ALJ asked if the vocational testimony was consistent with the DOT, to which the VE responded affirmatively." (Report, PgID 1182, citing Tr. 44-45.) As the Magistrate Judge properly found, in this Circuit, the ALJ satisfies his duty of investigation by asking the vocational expert if his testimony conflicts with the DOT. (Report, PgID 1182, citing *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 715 (6th Cir. 2013).) *See also Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 858 (6th Cir. 2010) ("[T]he ALJ asked the VE if her testimony was consistent with the Dictionary, and she answered that is was. This effectively satisfied the Commissioner's burden."); *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 468 (6th Cir. 2017) ("We have found it sufficient to satisfy [the affirmative duty to inquire whether a vocational expert's evidence conflicts with the information provided by the DOT] where the ALJ asks the vocational expert if there is a conflict.").

The Magistrate Judge further correctly noted that Plaintiff's counsel questioned the vocational expert "at length," but did not challenge the vocational expert's testimony that Plaintiff could perform unskilled work with a reasoning level of three, and thus "Plaintiff's argument regarding the VE's testimony is waived" for that reason as well. (Report, PgID 1182-83, citing *Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. 2008).) *See McCarley v. Berryhill*, No. 16-14036, 2018 WL

1477668, at *2 (E.D. Mich. Mar. 27, 2018) (finding waiver because "the hearing record does not indicate that plaintiff's counsel objected at any time to the vocational expert's testimony, nor did plaintiff's counsel suggest that it conflicted with the DOT ... [i]n fact, when the ALJ offered plaintiff's counsel the opportunity to ask questions of the vocational expert, counsel declined the opportunity and allowed the ALJ to conclude the hearing.").

Finally, even if the ALJ erred in failing to inquire further as to any conflict between a limitation to "simple" work and a reasoning level 3 position, such error is harmless. The Magistrate Judge found that substantial evidence shows that Plaintiff is capable of performing jobs requiring Level 3 reasoning, including her wide range of daily activities, her previous performance of a semi-skilled job, and that her psychological treatment records did not show any deficits in reasoning. (Report, PgID 1185.) Plaintiff does not challenge that finding. Because substantial evidence supports the ALJ's finding that Plaintiff can perform work as a cashier, any conflict regarding the vocational expert's testimony did not rise to the level of reversible error. *See Joyce*, 662 F. App'x at 437 (finding the potential conflict harmless because "Joyce does not argue that he is incapable of performing the work of a cashier or ticket seller, perhaps because the evidence suggests that he can.").

For these reasons, Plaintiff's third objection is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

(1) OVERRULES Plaintiff's Objections (ECF No. 17);

(2) ADOPTS Magistrate Judge Whalen's March 5, 2021 Report and Recommendation (ECF No. 16);

(3) GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 13);

(4) DENIES the Plaintiff's Motion for Summary Judgment (ECF No. 11); and

(5) AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.

s/Paul D. Borman
_____

Paul D. Borman
United States District Judge

Dated: March 29, 2021